BENTON, Judge,
concurring.
I concur in the opinion, except the section titled, “The Context of Review,” and I concur in the judgment reversing the conviction. I do not join in the section titled “The Context of Review” because I believe it too narrowly interprets the language of Code § 19.2-409, the statute that controls the scope of our review.[1]
*651 This appeal follows SatchelTs conviction for possession of cocaine. Following an interlocutory appeal prior to that trial, this Court reversed the trial judge’s decision to suppress unlawfully seized evidence. See Commonwealth v. Satchell, 15 Va.App. 127, 422 S.E.2d 412 (1992).
In pertinent part, Code § 19.2-409 states that “the Court of Appeals’ decision [following a pretrial appeal by the Commonwealth] shall not preclude a defendant, if he is convicted, from requesting the Court of Appeals or Supreme Court on direct appeal to reconsider an issue which was the subject of the pretrial appeal.” Consistent with the statute, Satchell asked this Court to review both the trial judge’s initial ruling on the suppression motion and the trial judge’s decision on remand following the interlocutory appeal. In particular, the issues presented for review are whether “[t]he ... [previous] panel erred by reversing the April 10, 1992 ruling of the trial judge granting the original motion to suppress” and whether “[t]he trial court erred in not granting the renewed motion to suppress made October 28, 1992.”
This appeal, which invokes the review granted by Code § 19.2-409, requires this Court to conduct a two-step review. First, because Satchell requests it, the Court must conduct a review of the pretrial suppression ruling that was the subject *652 of the initial Commonwealth’s appeal. Code § 19.2-409 by its very terms mandates that review. On this review, when we “reconsider [the] issue which was the subject of the pretrial appeal,” Code § 19.2-409, we must view the evidence from the initial suppression hearing in the light most favorable to Satchell, who prevailed at that hearing. See Commonwealth v. Grimstead, 12 Va.App. 1066, 1067, 407 S.E.2d 47, 48 (1991).
Second, if that initial review results in a renewed holding that the trial judge erred in suppressing pretrial evidence that was the subject of the prior interlocutory appeal, the Court must then review the appeal from the trial judge’s denial of the renewed suppression motion made following remand. At the hearing when the renewed motion to suppress was considered, the trial judge considered new evidence that Satchell presented, and the trial judge ruled anew on the motion to suppress. Our review of the trial judge’s decision following the remand from the interlocutory ruling is consistent with the review in which the majority opinion engages. This is the review that must be taken even in the absence of a statute such as Code § 19.2-409.
Because this two-step review is statutorily mandated and because it preserves the appropriate standard of review, I would first review the decision of the trial judge initially suppressing the evidence, and I would uphold the trial judge’s decision to suppress the evidence. See, e.g., Commonwealth v. Satchell, 15 Va.App. 127, 132-34, 422 S.E.2d 412, 415-17 (1992) (Benton, J., dissenting). However, because I believe that the majority’s analysis properly decides the second prong of the review, I concur in the judgment reversing the conviction.

. I also disagree with the process by which this appeal was considered en banc. Following Satchell’s conviction, this appeal followed the usual procedure. When a panel granted the petition for appeal, the appeal was assigned to a panel of three judges who considered the appeal on the record after briefing and oral argument. An opinion was prepared with one judge dissenting. When the opinions were filed in the clerk’s office, the dissenting judge requested that the entire Court *651 reconsider the appeal en banc. The Court determined to withhold release of the panel’s decision and to consider the appeal anew en banc. I believe that there are sound jurisprudential reasons to avoid a mechanism that allows a' dissenting judge to initiate an en banc consideration after a panel has decided a case and before the panel releases its decision.
Although the statutory provisions for hearing a case en banc state that "[t]he Court may sit en banc ... at any time,” Code § 17-116.02(D), the procedure employed to take this case en banc squandered scarce judicial resources. More importantly, however, the procedure employed in this case graphically demonstrates the need for this Court to set standards for en banc review that are published and available to all litigants. All members of the Bar should be informed that assignment of a case to a panel and the panel’s consideration of an appeal do not preclude en banc consideration before the panel renders its decision. Although I believe that this process negates the efficiency of the panel process, I also believe that this Court has an obligation to inform the Bar of the procedures that it employs to consider cases en banc.